**Eduardo Flores JIMENEZ; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–76549.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 21, 2006.*

Filed Aug. 24, 2006.

Eduardo Flores Jimenez, Pico Rivera, CA, pro se.

Guillermina Haro Castellanos, Pico Rivera, CA, pro se.

Eduardo Llovani Flores Haro, Pico Rivera, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice, Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, REINHARDT, and BEA, Circuit Judges.

MEMORANDUM **

Eduardo Flores Jimenez ("Eduardo"), his wife Guillermina Haro Castellanos ("Guillermina"), and their son Eduardo Flores Haro ("Eduardo Jr."), all natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' orders adopting and affirming an immigration judge's denial of their applications for cancellation of removal. We lack jurisdiction to review the Board's discretionary determination that Eduardo and Guillermina failed to establish the necessary "exceptional and extremely unusual hardship" to a qualifying relative. 8 U.S.C. § 1252(a)(2)(B)(i); *Martinez–Rosas v. Gonzales*, 424 F.3d 926, 929–30 (9th Cir.2005). Petitioners' contention that the Board failed "to take into consideration all of the factors bearing on exceptional and extremely unusual hardship in the aggregate" is not a colorable constitutional or legal claim over which we have jurisdiction. *Id.* at 930 ("[t]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").[1]

**PETITION FOR REVIEW DISMISSED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Petitioners do not challenge the Board's decision that the immigration judge correctly denied Eduardo Jr.'s application on the basis that he did not have a qualifying relative.